UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SCOTT PHILLIP LEWIS,<br><br>                Plaintiff,<br><br>-against-<br><br>KATHY HOCHUL; LETITIA JAMES; LAURENCE SORONEN; HARRIS DAGUE; GLENN KING; MELISSA,<br><br>                Defendants. | 25-CV-2240 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in Lake Placid in Essex County, New York, brings this action *pro se*. Plaintiff asserts claims, under 42 U.S.C. §§ 1983, 1985, for alleged violations of his constitutional right to due process in connection with proceedings in the New York Court of Claims. For the following reasons, this action is transferred to the United States District Court for the Northern District of New York.

## DISCUSSION

Under the general venue statute, a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff invokes Section 1391(b)(1), alleging that venue lies in this district based on the residence of defendants. (ECF 1 at 2, ¶ 9.) Plaintiff states that all defendants reside in the State of New York, and that venue is proper in this district "because Defendant Letitia James lives in Brooklyn, New York." (*Id.*) Brooklyn, however, is in Kings County, which is within the Eastern District of New York, 28 U.S.C. § 112(c), not in this district. Plaintiff's complaint does not allege facts showing that any other defendant resides in this district.

Moreover, venue also does not appear to be proper in this district under Section 1391(b)(2), based on the place where the events giving rise to the claims occurred. Plaintiff alleges that Defendants violated his rights in connection with proceedings in the New York Court of Claims in Albany County, by telephone from his home in Essex County, New York. Albany and Essex Counties are both in the Northern District of New York, 28 U.S.C. § 112(a). Plaintiff further alleges that the events that he raised in his claim in the New York Court of Claims took place in Franklin County (ECF 1 at 2, ¶ 12), which is also in the Northern District of New York, 28 U.S.C. § 112(a), and that he filed a civil rights complaint arising out of those events in the Northern District of New York.[1] Because the events giving rise to Plaintiff's claims occurred in Albany and Franklin Counties, venue of such claims is proper, under Section 1391(b)(2), in the Northern District of New York.

Even if venue is proper in the district where a case is filed, a court may transfer the case "[f]or the convenience of parties and witnesses, in the interest of justice" to any other district where it might have been brought. 28 U.S.C. § 1404(a). In determining whether transfer is

---

[1] In that action, Plaintiff objected to the sealing of the Franklin County criminal charges against him after the charges were dismissed, on the ground that the sealing was "taken to be a cover-up of constitutional rights . . . ." (ECF 1 at 11, ¶ 22.)

appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

      Transfer under Section 1404(a) appears to be appropriate in this case. Plaintiff does not reside in this district and the underlying events did not occur in this district; Plaintiff's choice of this district is therefore entitled to less deference. The underlying events occurred in Albany and Franklin Counties, and it is reasonable to expect that all relevant documents and witnesses would be there. The Northern District of New York thus appears to be a more convenient forum for this action. Moreover, Plaintiff appears to have filed this complaint in this district based on the mistaken belief that Brooklyn is in the Southern District of New York. Accordingly, the Court transfers this action to the United States District Court for the Northern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

**CONCLUSION**

The Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes the case in the United States District Court for the Southern District of New York.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   April 23, 2025
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge